IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AMY MARR, *Plaintiff* § § § | |
| § | SA-21-CV-00961-XR |
| -vs- § § | |
| HAROLD E CROXTON, AVAILABLE MOVERS & STORAGE, INC., RYDER TRUCK RENTAL, INC., *Defendants* § § § § | |

## ORDER

On this date, the Court considered Defendant Ryder Truck Rental's motion for summary judgment (ECF No. 16), Plaintiff's response (ECF No. 40), and Defendant's reply (ECF No. 43). After careful consideration, the Court issues the following order.

## BACKGROUND

This case arises from a lane-change accident between Defendant Harold Croxton ("Croxton") and Plaintiff Amy Marr ("Marr") that occurred on July 27, 2020, in Leon Valley Texas. ECF No. 40-3 at 2–3. Croxton was driving a 2020 Freightliner box truck that his employer, Defendant Available Movers & Storage ("AMS"), leased from Defendant Ryder Truck Rental ("Ryder"). *Id.* at 2; ECF No. 40-1 at 1. Croxton was not an employee of Ryder at the time of the accident. ECF No. 16-1.

Marr and Croxton were driving eastbound on Huebner Road in Leon Valley, Texas when the accident occurred. ECF No. 40-3 at 2–3. As Marr was passing Croxton on the right, Croxton's vehicle struck Marr's as he was making a lane change. Croxton Dep. 57:9–17. Croxton testified that, before making the lane change, he checked his mirror and signaled. *Id.*

1

When Croxton began moving into the right lane, he "heard a thump," and shifted back to the left lane. *Id.* Marr was looking straight ahead and did not see Croxton's vehicle until it collided with hers. Marr Dep. 37:4–21. Both Marr and Croxton stopped and exited their respective vehicles. Croxton Dep. 57:22–58:1. Croxton called law enforcement, and after speaking with law enforcement, left the scene. *Id.*

Marr originally filed suit in the 57th Judicial District Court of Bexar County, Texas, bringing claims of negligence against Ryder. ECF No. 1-3 at 7–10. Marr asserts that Ryder is liable for its own negligence, as well as vicariously liable for Croxton's conduct. *Id.* Defendants then removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. Shortly after, Ryder filed the instant motion for summary judgment, arguing that under the Graves Amendment, 49 U.S.C. § 30106, it cannot be held liable for Marr's injuries. ECF No. 16.

## DISCUSSION

### I. Legal Standard

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v.*

*City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For the Court to conclude that there are no genuine issues of material fact, the Court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the Court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party, *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

**II.    Analysis**

Ryder argues that it is exempt from liability under the Graves Amendment, 49 U.S.C. § 30106. The Graves Amendment provides that a lessor of a motor vehicle "shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease," so long as the lessor is "engaged in the trade or business of renting or leasing motor vehicles; and there is no negligence or criminal wrongdoing on the part of the owner[.]" 49 U.S.C. § 30106. Marr argues that the Graves Amendment is not applicable, as Ryder itself was negligent by failing to maintain its vehicle and by allowing Croxton to drive the vehicle when AMS's operating authority had lapsed and because Ryder acted as Croxton's statutory employer under the Federal Motor Carrier Safety Regulations ("FMCSR"). ECF No. 40.

"To prevail on a common law negligence claim, a plaintiff must be able to prove three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach." *Gann v. Anheuser-Busch, Inc.*, 394 S.W.3d 83, 88 (Tex. App.—El Paso 2012, no pet.). Because Marr has failed to present evidence that Ryder was negligent, the Court concludes that Ryder is entitled to summary judgment.

**A.  There is no evidence that Ryder negligently maintained its vehicle.**

First, Marr contends that there is a dispute of material fact as to whether Ryder negligently maintained its vehicle. Specifically, she argues that because Croxton testified that he engaged his turn signal and Marr states that she did not see the truck's turn signal, the turn signal must have been defective. ECF No. 40 at 5–6. However, the evidence clearly shows that Marr did not see Croxton's vehicle *at all* until it collided with hers. Marr testified that she was passing

Croxton and was alongside him when their vehicles collided. Marr Dep. 37:4–21. Marr further stated that she "didn't see [the truck] coming" because she was looking straight ahead.[1] *Id.* Although there is a turn signal above the wheel well of Ryder's vehicle that may have been visible to Marr as she looked straight ahead from alongside the truck, the photograph of the truck submitted to the Court shows that the turn signal above the right-side wheel well was functioning at the time of the accident. ECF No. 40-7. Additionally, Croxton avers that the vehicle was in "good working condition" when he received it from Ryder. ECF No. 16-1. Because there is no evidence showing Ryder negligently maintained its vehicle and that the truck's turn signal was "defective," Ryder is entitled to summary judgment.

### B. Ryder had no duty to determine whether AMS had authority to operate when it leased its vehicle to AMS.

Next, Marr contends that "Ryder is responsible for the actions of its truck engaged in unauthorized transportation." ECF No. 40 at 7. Marr asserts that Ryder owes a duty to examine the bona fides of any company it leases its vehicles to, including ensuring that the lessee has complied with all applicable federal regulations. First, Marr asserts that 49 C.F.R. § 392.9a imposed a duty on Ryder to ensure that its vehicle was operating with the required operating authority. While regulations may impose a duty recognized in tort, *see Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979), it is unclear that 49 C.F.R. § 392.9a applies to Ryder. 49 C.F.R. § 392.9a, by its language, is applicable to motor vehicles "requiring operating authority." Parties requiring operating authority under the statute include motor carriers, freight forwarders, or transportation brokers. 49 U.S.C. § 13901. Ryder does not provide

---

[1] Marr has submitted an affidavit claiming that she did in fact see Croxton's vehicle before the accident and did not see his turn signal. ECF No. 40-9. However, the Court will not consider this affidavit as it is unclear that it comports with the requirements of 28 U.S.C. § 1746, which requires an unsworn declaration be signed by the declarant. Further, the affidavit is clearly a sham as it directly contradicts Marr's prior statements. *See Winzer v. Kaufman County*, 916 F.3d 464, 472 (5th Cir. 2019).

any of these services. *See* 49 U.S.C. § 13102 (defining "motor carrier," "freight forwarder," and "broker"). Further, a defendant, such as a leasing company, who entrusts a vehicle to another has no duty to investigate a driver's competency when a valid, unrestricted driver's license is presented. *Avalos v. Brown Auto. Ctr., Inc.*, 63 S.W.3d 42, 48–49 (Tex. App.—San Antonio 2001, no pet.). Imposing a duty on Ryder to investigate whether its customers have complied with federal regulations would go beyond the duty that the *Avalos* court rejected. Here, Croxton presented Ryder with a valid commercial driver's license. ECF No. 16-1 at 1. Ryder did not have any further duty to investigate AMS's compliance with federal regulations.

Even assuming such a duty existed, Marr has failed to show that Ryder's alleged breach caused the accident. There can be no legal causation if "the defendant's conduct or product does no more than furnish the condition that makes the plaintiff's injury possible." *Always Auto Grp., Ltd. v. Walters*, 530 S.W.3d 147, 149 (Tex. 2017) (quoting *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995)). As discussed, Ryder's only role in this accident is that it leased the vehicle to its codefendants. As a matter of law, this conduct alone cannot support a negligence claim.

### C.  The FMCSR does not establish a cause of action against Ryder.

Finally, Marr contends that Ryder was Croxton's statutory employer under the FMCSR, and thus, that Ryder is vicariously liable for the conduct of its statutory employee as a matter of law. ECF No. 40 at 8; *see also Empire Indem. Ins. Co. v. Carolina Cas. Ins. Co.*, 838 F.2d 1428, 1433 (5th Cir. 1988) (holding that when a leased driver operates under the permit of a licensed carrier, the carrier is vicariously liable for the leased driver's acts under the FMCSR). Marr asserts that because AMS's operating authority had been suspended at the time of the accident, Croxton was driving under Ryder's operating authority, making Croxton Ryder's statutory

employee. ECF No. 40 at 8. However, the statutory-employee doctrine imposes "a functional employment relationship between a driver and a lessee carrier," not between a driver and a lessor, much less a lessor who does not qualify as a carrier under the regulations. *See Sentry Select Ins. Co. v. Drought Transp. LLC*, No. 15-cv-890 (RCL), 2017 WL 5382168, at *2 (W.D. Tex. May 3, 2017) (emphasis removed); *Escalante v. Creekside Logistics, LLC*, No. 5:18-CV-116-OLG, 2019 WL 9135758, at *3 (W.D. Tex. Feb. 12, 2019) ("'[I]n instances where the owner leases the vehicle along with all rights of control and maintenance to the employer of the entrusted employee[,]' neither vicarious liability premised on the FMCSR statutory employment relationships nor direct negligent entrustment liability "pass[ ] . . . up the chain to the vehicle's true owner[.]") (alterations in original) (quoting *McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 801 (N.D. Tex. 2003)). Because Ryder was not negligent and cannot be held liable as a statutory employer under the FMCSR, the Court finds that Ryder, as the lessor of the vehicle involved in the car accident at issue, is entitled to summary judgment. *See* 49 U.S.C. § 30106.

## CONCLUSION

For the foregoing reasons, Defendant Ryder Truck Rental's motion for summary judgment (ECF No. 16) is **GRANTED**. Plaintiff Amy Marr's claims against Defendant Ryder Truck Rental are **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

**SIGNED** this 14th day of June, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE