**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| AMY MARR,<br>*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-21-CV-00961-XR |
| HAROLD E CROXTON, AVAILABLE<br>MOVERS & STORAGE, INC.,<br>*Defendants* | §<br>§<br>§<br>§ | |

## <u>ORDER</u>

On this date, the Court considered Defendants Harold Croxton and Available Movers & Storage's motion for partial summary judgment (ECF No. 26), Plaintiff's response (ECF No. 41), and Defendants' reply (ECF No. 44). After careful consideration and holding a hearing on the motion, the Court issues the following order.

## BACKGROUND

This case arises from a lane-change accident between Defendant Harold Croxton ("Croxton") and Plaintiff Amy Marr ("Marr") that occurred on July 27, 2020, in Leon Valley Texas. ECF No. 40-3 at 2–3. Croxton was driving a 2020 Freightliner box truck that his employer, Defendant Available Movers & Storage ("AMS"), leased from Ryder Truck Rental ("Ryder"). *Id.* at 2; ECF No. 40-1 at 1.

Marr and Croxton were driving eastbound on Huebner Road in Leon Valley, Texas when the accident occurred. ECF No. 40-3 at 2–3. While Marr was driving alongside Croxton in the righthand lane, Croxton began to move into the right lane and struck Marr's vehicle. Croxton Dep. 57:9–17. Croxton testified that, before making the lane change, he checked his mirror and signaled. *Id.* When Croxton moved into the right lane, he "heard a thump," and shifted back to the left lane. *Id.* Marr was looking straight ahead and did not see Croxton's vehicle until it collided with hers.

1

Marr Dep. 37:4–21. Both Marr and Croxton stopped and exited their respective vehicles. Croxton Dep. 57:22–58:1. Croxton called law enforcement, and after speaking with law enforcement, left the scene. *Id.*

 Marr originally filed suit in the 57th Judicial District Court of Bexar County, Texas, bringing claims of negligence and gross negligence against Croxton, AMS, and Ryder. ECF No. 1-3 at 7–10. Marr asserts that Croxton was both negligent and grossly negligent for failing to log his on-duty time in compliance with the Federal Motor Carrier Safety Regulations ("FMCSR") and for allegedly driving while fatigued.[1] *Id.* at 7–8; ECF No. 41 at 9–11. Additionally, Marr claims that AMS was both negligent and grossly negligent in failing to comply with the FMCSR and in its hiring and supervision of Croxton. ECF No. 1-3 at 9; ECF No. 41 at 11–17.

Defendants then removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. After removal, Ryder moved for summary judgment, which this Court granted. ECF No. 52. The remaining Defendants, AMS and Croxton, now move for summary judgment as to Marr's gross negligence claims and direct negligence claim against AMS. ECF No. 26.

## DISCUSSION

### I.   Legal Standard

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support

---

[1]     The Court assumes, but does not decide, for purposes of this motion that AMS and Croxton were subject to the FMCSR at the time of the accident.

an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For the Court to conclude that there are no genuine issues of material fact, the Court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the Court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary

judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party, *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

## II.    Analysis

Defendants Croxton and AMS argue that they are entitled to summary judgment as to Marr's gross negligence claims. AMS further asserts that it is entitled to summary judgment as to Marr's negligent hiring and entrustment claims.

### A.  There is no evidence that Croxton was grossly negligent.

In order prevail on a gross negligence claim, a plaintiff must prove two elements by clear and convincing evidence: "(1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). "The first element, 'extreme risk,' means not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001). "The second element, 'actual awareness,' means that the defendant knew about the peril, but its acts or omissions demonstrated that it did not care." *Id.* "An act or omission that is merely thoughtless, careless, or not inordinately risky cannot be grossly negligent." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994).

Even viewing all the evidence in the light most favorable to her, Marr cannot make a threshold showing of gross negligence as to Croxton because Croxton's conduct did not involve an extreme degree of risk. Marr argues that there is a genuine dispute of material fact as to whether Croxton was driving while fatigued, which, Marr contends, constitutes gross negligence. ECF No.

41 at 9–11. Driving a large truck while fatigued may constitute gross negligence in some circumstances. *See, e.g.*, *Rayner v. Dillon*, 501 S.W.3d 143, 152–53 (Tex. App.—Texarkana 2016, pet. dism'd by agr.) (upholding a jury verdict finding gross negligence where there was evidence that a tractor-trailer driver collided with plaintiff's vehicle while fatigued); *Greene v. W&W Energy Servs., Inc.*, No. 4:19-CV-4343, 2021 WL 5155675, at * 3 n.2 (S.D. Tex. Feb. 5, 2021); *Gaines v. Shelvin*, No. 9:08-CV-40, 2009 WL 10677820, at *3 (E.D. Tex. Apr. 9, 2009). However, Marr has failed to present any evidence that Croxton was in fact fatigued at the time of the accident. The night before the accident, GPS data shows that the truck was stopped for approximately eleven hours. ECF No. 41-15 at 11. The crash report does not indicate that law enforcement perceived that Croxton was fatigued. *See* ECF No. 26 at 38–39. Further, in her interaction with Croxton immediately after the accident, Marr did not describe Croxton as being fatigued.[2] Hearing Tr. 68:3–9.

Marr points to Croxton's alleged noncompliance with the FMCSR as evidence of fatigue. Specifically, Marr contends that the fact that Croxton did not log his on-duty time shows that Croxton was fatigued and consciously disregarded the risk his fatigue posed to other drivers. ECF No. 41 at 9. However, Croxton's failure to log his on-duty hours standing alone is insufficient to create a genuine dispute of material fact as to whether he was actually fatigued at the time of the accident. In cases where a driver's failure to record their on-duty time was found to be evidence of fatigue, additional evidence existed that allowed the jury to infer that the driver was fatigued, such as evidence that the driver had been previously cited multiple times for over-hour violations

---

[2]     Marr avers that she saw Croxton driving erratically before the accident. ECF No. 40-9. However, the Court will not consider this affidavit as it is unclear that it comports with the requirements of 28 U.S.C. § 1746, which requires an unsworn declaration be signed by the declarant. Further, the affidavit is clearly a sham as it directly contradicts Marr's prior statements that she did not see Croxton's vehicle at all until the collision. *See Winzer v. Kaufman County*, 916 F.3d 464, 472 (5th Cir. 2019).

or had falsified driving logs. *See Rayner*, 501 S.W.3d at 150. In contrast, there is no evidence in this case that Croxton, prior to the accident, had been cited for any over-hour violations or falsified records.[3] Indeed, the GPS data shows that Croxton, on the day of the accident, had complied with FMCSR hours requirements by resting for eleven hours the night before and spent less than eight hours driving the day of the accident. *See* 49 C.F.R. § 395.3; ECF No. 41-15 at 11–12.

Marr also argues that Croxton's sleeping passenger was asleep and Croxton's hunger at the time of the accident show that Croxton was fatigued. ECF No. 41 at 6. This argument is unpersuasive. Whether Croxton's passenger was fatigued has little, if anything, to do with whether Croxton himself was fatigued when the accident occurred. Additionally, driving while hungry does not involve an extreme risk, otherwise every fender bender that occurs when driving to a restaurant would be a grossly negligent act.

Ultimately, the evidence in the record shows that this was, at most, a simple lane-change accident. A garden-variety vehicle collision, such as this one, cannot form the basis of a gross negligence claim. *See Medina v. Zuniga*, 593 S.W.3d 238, 250 (Tex. 2019). For example, in *Medina*, the Texas Supreme Court concluded that, though the defendant driver had been "thoughtless, careless, and risky" in his driving, "those failures, even taken together, do not amount to gross negligence." *Id.* at 249–50. "If they did," the Texas Supreme Court explained, "punitive damages would be routinely available in the most common types of auto accidents." *Id.* at 250; *see also Ochoa v. Mercer Transp. Co.*, No. 5:17-CV-1005-OLG, 2018 WL 7505640, at *2 (W.D. Tex. Dec. 10, 2018) (granting summary judgment as to a gross negligence claim against a driver in a lane-change accident). Therefore, Croxton is entitled to summary judgment as to Marr's gross negligence claim.

---

[3] Marr also points to AMS's noncompliance with the FMCSR, which will be discussed *infra*.

**B.  There is no evidence that AMS was grossly negligent.**

Marr further claims that AMS was grossly negligent in its decision to hire, retain, and entrust a vehicle to Croxton, as well as for its failure to follow the FMSCR. To support a claim based on failure to properly screen an employee, "a plaintiff must show that anything found in a background check 'would cause a reasonable employer to not hire' the employee, or would be sufficient to put the employer 'on notice that hiring [the employee] would create a risk of harm to the public.'" *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010) (quoting *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796–97 (Tex. 2006)) (alteration in original). When AMS hired Croxton, he had a valid commercial driver's license and no record of any accidents or tickets. ECF No. 44-2. Nothing in Croxton's driving record would have reasonably caused AMS not to hire Croxton or put AMS on notice that Croxton's driving created a risk of harm or danger. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007) (employer was not liable as a matter of law under a negligent hiring or entrustment theory where a driver had a record of two tickets and one accident).

With respect to whether AMS complied with the FMCSR, Marr has not established that any alleged violation of the FMCSR caused the accident at issue in this case. The regulations Marr cites seek to prevent driver fatigue and ensure that employers do not hire unsafe drivers. *See* ECF No. 41 at 11–12. However, as discussed, there is no evidence that Croxton was fatigued at the time of the accident or that Croxton had a history of being a reckless or unsafe driver.[4] Thus, the Court cannot conclude that the alleged FMCSR violations on their own support a gross negligence claim in this case. As such, AMS is entitled to summary judgment as to Marr's gross negligence claim.

---

[4]     While Marr points to the single accident in Croxton's driving and employment record, the evidence plainly shows that this was a minor accident in which Croxton backed into a parked car. Croxton Dep. 48:4–50:1. A singular, minor accident in a driver's history cannot form the basis of a negligent hiring or entrustment claim, let alone a gross negligence claim. *See Goodyear Tire & Rubber Co.*, 236 S.W.3d at 758.

**C. Because AMS has stipulated that Croxton was acting in the course and scope of his employment when the accident occurred, Marr cannot assert direct negligence claims against AMS.**

The direct negligence claims against AMS concern its decision to hire, retain, and entrust a vehicle to Croxton. "[W]here, as here, no viable gross negligence claims remain and the defendant employer does not dispute the applicability of vicarious liability, direct and vicarious liability are 'mutually exclusive modes of recovery[.]'" *Ochoa*, 2018 WL 7505640, at *3; *see also Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied) ("[N]egligent hiring or negligent entrustment and respondeat superior are mutually exclusive modes of recovery."). AMS does not dispute that Croxton was acting within the course and scope of his employment with AMS at the time of the accident. ECF No. 26 at 12–13. If a jury were to conclude that Croxton was negligent and that Croxton's negligence was the proximate cause of Marr's injuries, AMS would be vicariously liable for Marr's injuries regardless of any alleged inadequacy in its hiring, training, retention, or supervision of Croxton. *See Ochoa*, 2018 WL 7505640, at *3. Consequently, AMS is entitled to summary judgment as to Marr's direct negligence claim, and Marr may only recover from AMS on a theory of vicarious liability.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 26) is **GRANTED**. Plaintiff's gross negligence claims against Defendants Available Movers & Storage and Harold Croxton are **DISMISSED WITH PREJUDICE**. Plaintiff's direct negligence claim against Defendant Available Movers & Storage is **DISMISSED WITH PREJUDICE**. Plaintiff's negligence claim against Defendant Harold Croxton and vicarious liability claim against Defendant Available Movers & Storage remain pending.

It is so **ORDERED**.

**SIGNED** this 29th day of June, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE